UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE ORRACA,

                Plaintiff,

v.                                    9:05-CV-1305
                                    (DNH/GHL)

C.O. R.PILATICH; C.O. RIOS; C.O. LaFORGE;
C.O. R. KLEISTER; and C.O. VELEZ,

                Defendants.
_____

APPEARANCES:                            OF COUNSEL:

JOSE ORRACA, 93-A-9300
Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY  14871

HON. ANDREW M. CUOMO                  MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY  12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable David N. Hurd, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently pending

before the Court is Defendants' motion for partial summary judgment pursuant to Fed. R. Civ. P.

56.  (Dkt. No. 32.)  For the reasons that follow, I recommend that Defendants' motion be granted.

I.     **BACKGROUND**

A.     **Summary of Plaintiff's Complaint**

Liberally construed, the Complaint of Jose Orraca ("Plaintiff") alleges that five

employees of the New York State Department of Correctional Services ("Defenndants")[1] violated

his rights under the First, Eighth and Fourteenth Amendments when they physically assaulted

him, or caused him to be physically assaulted, on four occasions without provocation and/or in

retaliation against Plaintiff for having filed grievances against them. (*See generally* Dkt. No. 1,

¶¶ 10-22 [Plf.'s Compl.].)

More specifically, Plaintiff alleges that Defendants violated his rights in the following

four ways: (1) on **August 6, 2004**, at Coxsackie C.F., Defendant **Kleister** verbally and physically

assaulted Plaintiff without provocation, and Defendant **Velez** physically assaulted Plaintiff

without provocation; (2) on or about **September 27, 2004**, at Wallkill C.F., Defendant **Pilatich**

witnessed an unidentified female correctional officer from Green C.F. sexually assault Plaintiff

without stopping her, and Defendants **Rios**, **LaForge** knew that assault would happen but failed

to prevent or stop it, in retaliation against Plaintiff for having filed a grievance against Defendant

Kleister arising from the above-described incident on August 6, 2004; (3) on **July 18, 2005**, at

Coxsackie C.F., Defendants **Kleister** and **Pilatich** physically assaulted Plaintiff in retaliation

against Plaintiff for having filed a grievance against Defendant Kleister arising from the above-

described incident on August 6, 2004, and a letter of complaint against Defendant Pilatich arising

---

[1]     These five Defendants are as follows: (1) Coxsackie Correctional Facility ("C.F.")
Correctional Officer ("C.O.") Robert Pilatich; (2) Wallkill C.F. C.O. Ramon Rios; (3) Wallkill
C.F. C.O. Thomas A. LaForge; (4) Ulster C.F. C.O. Richard J. Kleister; and (5) Ulster C.F. C.O.
S. Velez. (Dkt. No. 1, ¶¶ 5-9 [Plf.'s Compl.]; *see also* Dkt. Nos. 5-7, 9, 11 [Acknowledgments of
Service, indicating Defendants' first names].)

from the above-described incident on September 27, 2004; and (4) on **August 24, 2005**, at

Coxsackie C.F., Defendants **Kleister** and **Pilatich** physically assaulted Plaintiff, and/or caused

him to be physically assaulted, in retaliation against Plaintiff for having received a sentence of

only forty-five days keeplock confinement on Defendant Pilatich's previous misbehavior report

against Plaintiff.  (*See generally* Dkt. No. 1, ¶¶ 10-22 [Plf.'s Compl.].)

      I note that, in construing Plaintiff's Complaint, I have afforded it the liberal construction

that all pleadings must be afforded, under Fed. R. Civ. P. 8.  *See* Fed. R. Civ. P. 8(f) ("All

pleadings shall be so construed as to do substantial justice.").  I have also afforded it the extra-

liberal construction normally afforded to the pleadings of *pro se* civil rights litigants, out of

special solicitude to them due to their general lack of familiarity with legal terminology and the

litigation process.[2]  I have done this not because I believe that Plaintiff is in need of this special

---

[2]      *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . .") [internal quotation marks and citation omitted]; *McEachin v. McGinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.") [citation omitted]; *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) ("[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest.") [internal quotation marks and citation omitted]; *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997) ("In evaluating whether a plaintiff has met the[] requirements [under Rule 12(b)(6)], we hold complaints prepared *pro se* 'to less stringent standards than formal pleadings drafted by lawyers.'") [quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)]).

solicitude.  (I do not: his litigation experience, which is considerable,[3] is analogous to the

litigation experience of plaintiffs whose special solicitude the Second Circuit has diminished or

revoked due to their obvious familiarity with the legal system and pleading requirements.)[4]

Rather, I have continued to afford an extra-liberal construction to Plaintiff's Complaint because I

_____

[3]       For example, Plaintiff has filed at least 19 other federal court cases or appeals:
*Orraca v. N.Y.C. Police Dep't*, 92-CV-8273 (S.D.N.Y.) (prisoner civil rights case);
*Orraca v. Kelly*, 95-CV-0729 (W.D.N.Y.) (prisoner civil rights case);
*Orraca v. Maloy*, 96-CV-2000 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Cetti*, 96-CV-6385 (W.D.N.Y.) (prisoner civil rights case);
*Orraca v. Walker*, 98-CV-0448 (N.D.N.Y.) (prisoner civil rights case),
         *appeal dismissed*, No. 00-0109, Order (2d Cir. filed Dec. 7, 2000);
*Orraca v. Walker*, 98-CV-4459 (S.D.N.Y.) (habeas corpus proceeding);
*Orraca v. Estabrook*, 99-CV-1216 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Clark*, 00-CV-0766 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Walker*, 00-CV-1922 (S.D.N.Y.) (habeas corpus proceeding)
*Orraca v. Walker*, 00-CV-5503 (S.D.N.Y.) (habeas corpus proceeding)
*Orraca v. McCreery*, 04-CV-1183 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Lee*, 04-CV-1249 (N.D.N.Y.) (prisoner civil rights case),
         *appeal dismissed*, No. 07-1602, Order (2d Cir. filed Dec. 7, 2000);
*Orraca v. Reyes*, 05-CV-1393 (S.D.N.Y.) (prisoner civil rights case);
*Orraca v. Palmer*, 05-CV-1857 (S.D.N.Y.) (prisoner civil rights case);
*Orraca v. DeLuke*, 07-CV-0411 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Mastrantonio*, 07-CV-0497 (N.D.N.Y.) (prisoner civil rights case);
*Orraca v. Mastrantonio*, 07-CV-0364 (W.D.N.Y.) (prisoner civil rights case).

[4]       *See, e.g., Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001)
(unpublished opinion), *aff'g*, 97-CV-0938, Decision and Order (N.D.N.Y. filed May 28, 1999)
(Kahn, J.), *adopting*, Report-Recommendation, at 1, n.1 (N.D.N.Y. filed Apr. 28, 1999) (Smith,
M.J.); *Johnson v. C. Gummerson*, 201 F.3d 431, at *2 (2d Cir. 1999) (unpublished opinion),
*aff'g*, 97-CV-1727, Decision and Order (N.D.N.Y. filed June 11, 1999) (McAvoy, J.), *adopting*,
Report-Recommendation (N.D.N.Y. filed April 28, 1999) (Smith, M.J.); *Davidson v. Flynn*, 32
F.3d 27, 31 (2d Cir. 1994); *see also Raitport v. Chem. Bank*, 74 F.R.D. 128, 133 (S.D.N.Y. 1977)
[citing *Ackert v. Bryan*, No. 27240 (2d Cir. June 21, 1963) (Kaufman, J., concurring); *Saunders
v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *2-3 & nn.8-15 (N.D.N.Y. Oct. 18, 2006) (Hurd, J.,
adopting Report-Recommendation of Lowe, M.J.), *appeal dismissed*, No. 07-1014, Order (2d
Cir. filed Nov. 9, 2007) (finding Plaintiff's appeal to be frivolous where he objected to, *inter alia*,
the district court's revocation of his special solicitude based on his extraordinary litigation
experience).

4

find that doing so does not matter to the outcome of Defendants' motion for summary judgment, given the nature of the record evidence in this case.

### B.      Summary of Grounds in Support of Defendants' Motion

Defendants' motion for partial summary judgment is premised on the following two grounds: (1) Plaintiff's claims against Defendants Rios and LaForge should be dismissed because Plaintiff has failed to establish that they were personally involved in the constitutional violations alleged; and (2) Plaintiff's claims against Defendant Velez should be dismissed because Plaintiff has failed to establish that he was personally involved in the constitutional violations alleged and, indeed, Plaintiff admitted in his deposition that he did not recall any assault on him committed by Defendant Velez.  (Dkt. No. 32, Part 7, at 3-8 [Defs.' Memo. of Law].)

## II.     APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material[5] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[6]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts

---

[5]      A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[6]      *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

showing that there is a genuine issue for trial."[7]  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[8]  Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."[10] Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.[11]

---

[7]    Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[8]    Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . ."); *Matsushita*, 475 U.S. at 585-86; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[9]    *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[10]    *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[11]    *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v.*

However, the plaintiff's failure to respond to the defendant's motion for summary judgment

lightens the defendant's burden on the motion.

   More specifically, where a plaintiff has failed to properly respond[12] to a defendant's

statement of material facts, contained in its Statement of Material Facts (a/k/a its "Rule 7.1

Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true[13] to the

extent that (1) those facts are supported by the evidence in the record,[14] and (2) the non-moving

---

*Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.)
(stating that, where a plaintiff has failed to respond to a defendant's motion for summary
judgment, "[t]he Court must review the merits of Plaintiff's claims"). This requirement (that the
Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by
Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-
moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to
the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been
"properly filed" and "the Court determines that the moving party has met its burden to
demonstrate entitlement to the relief requested therein."* N.D.N.Y. L.R. 7.1(b)(3) [emphasis
added].

   [12]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("The opposing party shall file a response to the
Statement of Material Facts. The non-movant's response shall mirror the movant's Statements of
Material Facts by admitting and/or denying each of the movant's assertions in matching
numbered paragraphs. Each denial shall set forth a specific citation to the record where the
factual issue arises.").

   [13]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material
Facts shall be deemed admitted unless specifically controverted by the opposing party.")
[emphasis in original].

   [14]    *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d
Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a
response to a summary judgment motion, the district court may not grant the motion without first
examining the moving party's submission to determine if it has met its burden of demonstrating
that no material issue of fact remains for trial. . . . If the evidence submitted in support of the
summary judgment motion does not meet the movant's burden of production, then summary
judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n
determining whether the moving party has met this burden of showing the absence of a genuine
issue for trial, the district court may not rely solely on the statement of undisputed facts contained
in the moving party's Rule 56.1 Statement. It must be satisfied that the citation to evidence in

party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.[15]

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[16]

---

the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3). Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant.  To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[15]     *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf.* N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

[16]     N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added]; *see, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming

Stated another way, where a defendant has properly filed a memorandum of law (in support of a

properly filed motion for summary judgment), and the plaintiff has failed to respond to that

memorandum of law, the only remaining issue is whether the legal arguments advanced in the

defendant's memorandum of law are *facially meritorious*.[17]   A defendant's burden in making legal

arguments that are facially meritorious has appropriately been characterized as "modest."[18]

---

plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their
motion for summary judgment as consent by plaintiff to the granting of summary judgment for
defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3];
*Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29,
2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to
exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's]
testimony" on that ground).

[17]      *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*,
04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,
M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2
(N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS
26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist.
LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S.
Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S.
Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[18]      *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22,
2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for
summary judgment as "modest" [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324
(1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y.
Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-
CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting
Report-Recommendation of Lowe, M.J.); *cf. Race Safe Sys. v. Indy Racing League*, 251 F.
Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted
defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed
motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist.
LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule
7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to
dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist.

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[19] However, in the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit.[20]  (Here, I

---

LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[19]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).  Stated another way, even *pro se* plaintiffs must obey the Court's procedural rules.  *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted].

[20]     *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

note that Plaintiffs' Complaint is neither notarized nor verified pursuant to 28 U.S.C. § 1746.[21])

That having been said, to be sufficient to create a factual issue for purposes of a summary

judgment motion, an affidavit must, among other things, not be conclusory.[22]  An affidavit is

conclusory if, for example, its assertions lack any supporting evidence or are too general.[23]

Finally, even where an affidavit (or verified complaint) is nonconclusory, it may be insufficient

to create a factual issue where it is (1) "largely unsubstantiated by any other direct evidence" and

(2) "so replete with inconsistencies and improbabilities that no reasonable juror would undertake

the suspension of disbelief necessary to credit the allegations made in the complaint."[24]

---

[21]     (Dkt. No. 1.)

[22]     *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts
showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor
is a genuine issue created merely by the presentation of assertions [in an affidavit] that are
conclusory.") [citations omitted]; *Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970)
(stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for
summary judgment from degenerating into mere elaboration of conclusory pleadings").

[23]     *See, e.g.*, *Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy,
C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition
testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are
insufficient to defeat a properly supported motion for summary judgment.") [citations omitted];
*West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting
affidavit's conclusory statements that, in essence, asserted merely that there was a dispute
between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759
F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about
Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was
conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S.
829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit]
with the characters and plot line for a novel of intrigue rather than the concrete particulars which
would entitle him to a trial.").

[24]     *See, e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005)
(affirming grant of summary judgment to defendants in part because plaintiff's testimony about
an alleged assault by police officers was "largely unsubstantiated by any other direct evidence"
and was "so replete with inconsistencies and improbabilities that no reasonable juror would

III.    ANALYSIS

    A.    **Whether Plaintiff Has Failed to Establish that Defendants Rios and LaForge Were Personally Involved in the Constitutional Violations Alleged**

As indicated above in Part I.A. of this Report-Recommendation, the only claim against Defendants Rios and LaForge in Plaintiff's Complaint is that, on or about September 27, 2004, at Wallkill C.F., they knew that an unidentified female correctional officer from Green C.F. was going to sexually assault Plaintiff but failed to prevent or stop that assault, in retaliation against Plaintiff for having filed a grievance against Defendant Kleister arising from the above-described incident on August 6, 2004. (Dkt. No. 1, ¶¶ 6-7, 13-15, 20 [Plf.'s Compl.].)

More specifically, Plaintiff alleges as follows: (1) on or about September 27, 2004, Defendants Rios and LaForge were tasked with the duty of escorting Plaintiff from Wallkill C.F. to Coxsackie C.F.; (2) at that time, they were "aware" and "kn[e]w" that Plaintiff would be

---

undertake the suspension of disbelief necessary to credit the allegations made in the complaint") [citations and internal quotations omitted]; *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line was, although specific, "unsupported by documentary or other concrete evidence" and thus "simply not enough to create a genuine issue of fact in light of the evidence to the contrary"); *Allah v. Greiner*, 03-CV-3789, 2006 WL 357824, at *3-4 & n.7, 14, 16, 21 (S.D.N.Y. Feb. 15, 2006) (prisoner's verified complaint, which recounted specific statements by defendants that they were violating his rights, was conclusory and discredited by the evidence, and therefore insufficient to create issue of fact with regard to all but one of prisoner's claims, although verified complaint was sufficient to create issue of fact with regard to prisoner's claim of retaliation against one defendant because retaliatory act occurred on same day as plaintiff's grievance against that defendant, whose testimony was internally inconsistent and in conflict with other evidence); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign"), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

assaulted upon "arriving at Coxsackie [C.F.] . . . and did nothing to prevent or stop the assault

from happening"; (3) upon their arrival at Coxsackie C.F., they "hand[ed] the Plaintiff over to"

Defendant Pilatech and an unidentified female correctional officer when "ordered" to do so by

Defendant Pilatech; (4) with the help of Defendant Pilatech and two unidentified male

correctional officers, the female correctional officer took Plaintiff into a room and "removed the

handcuffs" that Plaintiff was wearing; (5) the two male correctional officers and the female

correctional officer laughed while Defendant Pilatech verbally abused Plaintiff; (6) the two male

correctional officers and Defendant Pilatech laughed while the female correctional officer

handled Plaintiff's genitalia; and (7) then, "[l]ong after" the assault was complete, Defendants

Rios and LaForge "returned to the torture room" and "returned to their duty" of escorting

Plaintiff.  (*Id.* at ¶¶ 13, 15.)

    In their motion for partial summary judgment, Defendants argue that Plaintiff's claim

against Defendants Rios and LaForge should be dismissed because Plaintiff has failed to

establish that they were personally involved in the constitutional violations alleged.  (Dkt. No.

32, Part 7, at 3-6 [Defs.' Memo. of Law].)  In support of this argument, they have asserted the

following facts in their Rule 7.1 Statement, and have supported those facts with accurate citations

to record evidence: (1) Defendant Rios did not know in advance that Plaintiff was going to be

assaulted by anyone on September 27, 2004, or on any other date;[25] (2) Defendant Rios was not

present when Plaintiff was allegedly assaulted by other correctional officers on September 27,

---

[25]       (Dkt. No. 32, Part 6, ¶ 4 [Defs.' Rule 7.1 Statement, accurately citing Paragraph 5
of Declaration of Rios, attached at Dkt. No. 32, Part 4].)

2004;[26] (3) Defendant LaForge did not know in advance that Plaintiff was going to be assaulted by anyone on September 27, 2004, or on any other date;[27] and (4) Defendant LaForge was not present when Plaintiff was allegedly assaulted by other correctional officers on September 27, 2004.[28]

In opposing Defendants' motion for partial summary judgment, Plaintiff failed to submit a Rule 7.1 Response.  (*See generally* Dkt. No. 33 [Plf.'s Opp. Papers].)  As explained above in Part II of this Report-Recommendation, where a plaintiff has failed to properly respond to a defendant's Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.  Here, the facts asserted by Defendants are supported by the evidence in

---

[26]     (Dkt. No. 32, Part 6, ¶ 2 [Defs.' Rule 7.1 Statement, accurately citing page 76 of Plaintiff's deposition transcript, attached at Dkt. No. 32, Part 3, at 76, testifying that Defendant Rios was "not involved in [the] incident at all" and that he merely "handed [Plaintiff] over to [the offending] officers"]; *see also* Dkt. No. 32, Part 3, at 68, 70 [Ex. A to McCartin Decl., attaching page 68 of Plaintiff's deposition transcript, indicating that the "transport officers" were not in the room when the alleged assault occurred on September 27, 2004, and that the only persons in the room were Def. Pilatech and "the [one] other officer," i.e., the unidentified female officer].)

[27]     (Dkt. No. 32, Part 6, ¶ 8 [Defs.' Rule 7.1 Statement, accurately citing Paragraph 3 of Declaration of LaForge, attached at Dkt. No. 32, Part 5].)

[28]     (Dkt. No. 32, Part 6, ¶ 6 [Defs.' Rule 7.1 Statement, accurately citing page 76 of Plaintiff's deposition transcript, attached at Dkt. No. 32, Part 3, at 76, testifying that Defendant LaForge was "not involved in [the] incident at all" and that he merely "handed [Plaintiff] over to [the offending] officers"]; *see also* Dkt. No. 32, Part 3, at 68, 70 [Ex. A to McCartin Decl., attaching page 68 of Plaintiff's deposition transcript, indicating that the "transport officers" were not in the room when the alleged assault occurred on September 27, 2004, and that the only persons in the room were Def. Pilatech and "the [one] other officer," i.e., the unidentified female officer].)

the record, as explained in the preceding paragraph.  In addition, Plaintiff was specifically

advised of the potential consequences of failing to respond to Defendants' motion for partial

summary judgment, on or about October 16, 2007.  (Dkt. No. 32, Part 1, at 1-2 [Defendants'

Notice of Motion].).[29]  As a result, the following four facts are accepted as true, for purposes of

Defendants' motion: (1) Defendant Rios did not know in advance that Plaintiff was going to be

assaulted by anyone on September 27, 2004, or on any other date; (2) Defendant Rios was not

present when Plaintiff was allegedly assaulted by other correctional officers on September 27,

2004; (3) Defendant LaForge did not know in advance that Plaintiff was going to be assaulted by

anyone on September 27, 2004, or on any other date; and (4) Defendant LaForge was not present

when Plaintiff was allegedly assaulted by other correctional officers on September 27, 2004.

Based on these undisputed facts, and the lack of any other material record evidence, I find

that there is no evidence in the record from which a rational fact-finder could conclude that either

Defendant Rios or LaForge was personally involved in the constitutional violations alleged to

---

[29]     Moreover, I note that, clearly, Plaintiff was aware of these potential consequences since, as of the date of the filing of Defendants' motion for partial summary judgment (i.e., October 16, 2007), Plaintiff had considerable experience litigating prisoner civil rights actions in federal court, including experience in opposing at least **six** motions for summary judgment. *See*, *e.g.*, *Orraca v. City of New York Police Dep't*, 897 F. Supp. 148 (S.D.N.Y. 1992) (granting the defendants' motion for partial summary judgment in Plaintiff's prisoner civil rights action); *Orraca v. Kelly*, 95-CV-0729, Order (W.D.N.Y. filed Sept. 30, 1999) (granting the defendants' motion for summary judgment in Plaintiff's prisoner civil rights action); *Orraca v. Walker*, 98-CV-0448, Order (N.D.N.Y. filed March 28, 2000) (Kahn, J.) (granting the defendants' motion for summary judgment in Plaintiff's prisoner civil rights action); *Orraca v. Maloy*, 96-CV-2000, Order (N.D.N.Y. filed March 22, 2001) (Mordue, J.) (granting the defendants' motion for summary judgment in Plaintiff's prisoner civil rights action); *Orraca v. Estabrook*, 99-CV-1216, Order (N.D.N.Y. filed March 25, 2002) (Mordue, J.) (granting the defendants' motion for summary judgment in Plaintiff's prisoner civil rights action); *Orraca v. Lee*, 04-CV-1249, Order (N.D.N.Y. filed March 29, 2007) (Hurd, J.) (granting the defendants' motion for summary judgment in Plaintiff's prisoner civil rights action).

have occurred on September 27, 2004.

Even if I were to *sua sponte* perform an independent review of the record to find evidence contradicting any of these facts, I would be unable to find such evidence.  Plaintiff's allegations (in his Complaint) that Defendants knew in advance that the assault would happen do not constitute evidence since those allegations are unsworn.  (Dkt. No. 1, at 1, 10-11 [Plf.'s Compl., containing no verification or notarization].)  Furthermore, while Plaintiff asserts in his Affidavit in Opposition to Defendants' Motion that "Officers Rios and LaForge knew beforehand that . . . Plaintiff was going to have a confrontation with assaultive correctional officers on . . . Sept. 27, 200[4]," that assertion lacks the detail necessary to demonstrate that Plaintiff possessed personal knowledge of what Defendants Rios and LaForge knew at the time in question.  (*See* Dkt. No. 33, ¶¶ 4, 6 [Plf.'s Opp. Papers].)  To the extent that Plaintiff is reasoning that they must have known that the assault would happen because it did in fact happen, such reasoning is entirely conclusory and speculative in nature.

I note that Plaintiff's argument in opposition to Defendants' motion indicates that he is basing his claim against Defendants Rios and LaForge on a theory of undue care or negligence, which is not even actionable under 42 U.S.C. § 1983.  (*Id.* at ¶ 8 [arguing that Defendants Rios and LaForge had the "responsibility" of "car[ing]" for Plaintiff's "safety," and of "not . . . allow[ing] the assault to happen," and that they incurred "liab[ility]" by breaching that responsibility].)[30]  I note also that, even assuming for the sake of argument that the two

_____

[30]     *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth

16

unidentified male correctional officers present in the "torture room" (along with the unidentified

female correctional officer and Defendant Pilatich) were in fact Defendants Rios and LaForge

and that they witnessed their superior officers (who had issued them orders to "hand over"

Plaintiff) using excessive force against Plaintiff, it is questionable to me that any laughter by Rios

and LaForge–while it would have been unprofessional and unkind–would plausibly suggest the

sort of criminal recklessness necessary for them to incur liability under the Constitution.[31]

---

Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the
Fourteenth Amendment is not violated when a state employee negligently deprives an individual
of property . . . ."); *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("Allegations of negligence or
innocent mistake are insufficient [to state a claim under the Fourth Amendment]."); *Pena v.
Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to
substantive due process, a plaintiff must demonstrate not only government action but also that
the government action was 'so egregious, so outrageous, that it may fairly be said to shock the
contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . .   It
does not provide a comprehensive scheme for determining the propriety of official conduct or
render all official misconduct actionable. . . .  '[N]egligently inflicted harm is categorically
beneath the threshold of constitutional due process.'") [citations omitted]; *Riddick v. Modeny*,
No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded
prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere
negligence of prison officials."); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); ("The
Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care'
under tort law, and negligent acts do not incur constitutional liability."); *Myers v. Okla. County
Bd. of County Com'rs*, 151 F.3d 1313, 1320 (6th Cir. 1998) ("[A]ctions leading to a confrontation,
such as the decision to enter the apartment, must be more than merely negligent to be
"unreasonable" for purposes of the Fourth Amendment inquiry."); *Madiwale v. Savaiko*, 117 F.3d
1321, 1326 (11th Cir. 1997) ("Negligent or innocent mistakes do not violate the Fourth
Amendment."); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699, n.7 (10th Cir. 1995) ("Mere
negligent actions precipitating a confrontation [that was the subject of plaintiff's Fourth
Amendment claim] would not, of course, be actionable under § 1983.").

[31]     *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) ("[Correctional
Sergeant's] failure personally to investigate [the plaintiff's] cellmate's mental state and her
response to [the plaintiff's] request with laughter did not amount to deliberate indifference.");
*Sampay v. Griffin*, 06-CV-0360, 2007 U.S. Dist. LEXIS 44111, at *3 (M.D. La. May 8, 2007)
(prison doctor's laughter at prisoner who stated he was in pain "from his head to his toes" after
his unsuccessful suicide attempt was not, in and of itself, deliberate indifference), *adopted by*
2007 U.S. Dist. LEXIS 40401 (M.D. La. June 4, 2007); *Owens v. Cuyter*, 81-CV-1722, 1989

For all of these reasons, I recommend that Plaintiff's claim against Defendants Rios and

LaForge be dismissed due to their lack of personal involvement in the constitutional violations

alleged.

**B.      Whether Plaintiff Has Failed to Establish that Defendant Velez Was
         Personally Involved in the Constitutional Violations Alleged**

As indicated above in Part I.A. of this Report-Recommendation, the only claim against

Defendant Velez in Plaintiff's Complaint is that, on August 6, 2004, at Coxsackie C.F.,

Defendant Velez physically assaulted Plaintiff without provocation.  (Dkt. No. 1, ¶¶ 9, 19 [Plf.'s

Compl.].)

In their motion for partial summary judgment, Defendants argue that Plaintiff's claim

against Defendant Velez should be dismissed because Plaintiff has failed to establish that

Defendant Valez was personally involved in the constitutional violations alleged.  (Dkt. No. 32,

Part 7, at 6-8 [Defs.' Memo. of Law].)  In support of this argument, Defendants have asserted the

following facts in their Rule 7.1 Statement, and have supported those facts with accurate citations

to record evidence: (1) Plaintiff has admitted that Defendant Velez was a "good [correctional]

officer[]";[32] and (2) Plaintiff has admitted that he does not recall Defendant Velez assaulting him

---

U.S. Dist. LEXIS 8071, at *12 (E.D. Pa. July 14, 1989) ("While Dr. Dincer's alleged laughter
when the plaintiff showed him his medical ailment would seem inapproprate 'bedside manner'
on his part, this shortcoming does not rise to the level of deliberate indifference which could
constitute a constitutional deprivation."); *cf. Barad v. Comstock*, 03-CV-0736, 2005 U.S. Dist.
LEXIS 38418, at *30 (W.D.N.Y. June 30, 2005) ("[Plaintiff] alleges that defendant laughed at
him and told the guards that it was a 'false alarm' [when plaintiff complained he was going to die
from a kidney-stone attack] but plaintiff has not established that defendant wantonly intended to
cause plaintiff to suffer [in order] to establish the subjective element of the deliberate
indifference claim.").

[32]      (Dkt. No. 32, Part 6, ¶ 11 [Defs.' Rule 7.1 Statement, accurately citing page 57 of
Plaintiff's deposition transcript, attached at Dkt. No. 32, Part 3, at 57].)

on August 6, 2004 (or at any other time).[33]

In opposing Defendants' motion for partial summary judgment, Plaintiff failed to submit a Rule 7.1 Response.  (*See generally* Dkt. No. 33 [Plf.'s Opp. Papers].)  As explained above in Part II of this Report-Recommendation, where a plaintiff has failed to properly respond to a defendant's Rule 7.1 Statement, the facts as set forth in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.  Here, the facts asserted by Defendants are supported by the evidence in the record, as explained in the preceding paragraph.  In addition, Plaintiff was specifically advised of the potential consequences of failing to respond to Defendants' motion for partial summary judgment, on or about October

---

[33]     (Dkt. No. 32, Part 6, ¶ 10 [Defs.' Rule 7.1 Statement, accurately citing pages 13 and 14 of Plaintiff's deposition transcript, attached at Dkt. No. 32, Part 3, at 13-14]; *see also* Dkt. No. 32, Part 3, at 18 [Ex. A to McCartin Decl., attaching page 18 of Plaintiff's deposition transcript, stating, before Defendant Kleister assaulted him on Aug. 6, 2004, Defendant Kleister was accompanied by one other officer–"a little heavyset officer" whose name Plaintiff did not know (indicating that the officer was someone *other* than Defendant Velez, whose name Plaintiff *did* know)]; Dkt. No. 32, Part 3, at 27 [Ex. A to McCartin Decl., attaching page 27 of Plaintiff's deposition transcript, stating that, before Def. Kleister assaulted him on Aug. 6, 2004, Defendant Kleister was accompanied by "a heavy Italian guy," whose name "could be" Manolific]; Dkt. No. 32, Part 3, at 32, 35  [Ex. A to McCartin Decl., attaching pages 32 and 35 of Plaintiff's deposition transcript, stating that, at the time Defendant Kleister assaulted him on Aug. 6, 2004, the "heavy" officer was present, as well as a "whole bunch of guys from Coxsackie" (indicating that the "bunch of guys" did not include Defendant Velez, whom Plaintiff alleged in his Complaint was from Ulster C.F.)]; Dkt. No. 32, Part 3, at 36-37, 52-53 [Ex. A to McCartin Decl., attaching pages 36, 37, 52, and 53 of Plaintiff's deposition transcript, stating that he remembered Defendant Velez, but he did not remember if he was present at the time of the assault on Aug. 6, 2004].)

16, 2007.[34]  As a result, the following two facts are accepted as true, for purposes of Defendants'

motion: (1) Plaintiff has admitted that Defendant Velez was a "good [correctional] officer[]"; and

(2) Plaintiff has admitted that he does not recall Defendant Velez assaulting him on August 6,

2004 (or at any other time).

Furthermore, in opposing Defendants' motion for partial summary judgment, Plaintiff

failed to respond to Defendants' legal argument that Plaintiff's claims against Defendant Valez

should be dismissed.  (*See generally* Dkt. No. 33 [Plf.'s Opp. Papers].)  As explained above in

Part II of this Report-Recommendation, where a defendant has properly filed a memorandum of

law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to

respond to that memorandum of law, the plaintiff has "consented" to the relief requested by the

defendant, the only remaining issue is whether the legal arguments advanced in the defendant's

memorandum of law are *facially meritorious*.  A defendant's burden in making legal arguments

that are facially meritorious has appropriately been characterized as "modest."

Based on these undisputed facts, and this unopposed legal argument, I find that

Defendants have met their modest burden in persuading the Court to grant their request that

Plaintiff's claim against Defendant Velez be dismissed due to his lack of personal involvement in

any of the constitutional violations alleged.  (Dkt. No. 32, Part 7, at 6-8 [Defs.' Memo. of Law,

citing relevant portions of record and case law].)

I would add only that, even if I were to *sua sponte* perform an independent review of the

---

[34]     Moreover, clearly, Plaintiff was aware of these potential consequences since, as of the date of the filing of Defendants' motion for partial summary judgment, Plaintiff had considerable experience litigating prisoner civil rights actions in federal court, including experience in opposing at least six motions for summary judgment.

record to find evidence establishing the personal involvement of Defendant Velez in any of the
constitutional violations alleged, I would be unable to find such evidence.  I note that Plaintiff's
deposition testimony indicates that Defendant Velez's *sole* role in any of the events giving rise to
the claims asserted in Plaintiff's Complaint may have been in helping another correctional officer
on or about September 27, 2004, to transport Plaintiff in a van from Shawangunk C.F. to a
scheduled doctor's appointment outside the facility, and then transferring custody of Plaintiff at
Wallkill C.F. to a female correctional officer who is alleged to have subsequently assaulted
Plaintiff.[35]  Setting aside the fact that Plaintiff's Complaint does not even conclusorily allege that
Defendant Velez was involved in the assault that Plaintiff alleges he experienced on September
27, 2004, I can find no record evidence from which any rational fact-finder could conclude that
Defendant Valez knew in advance that the assault would happen, participated in that assault,
witnessed that assault, or in any way failed to stop that assault.

For all of these reasons, I recommend that Plaintiff's claim against Defendant Valez be
dismissed due to his lack of personal involvement in the constitutional violations alleged.

## C.    Denial of Any Request by Plaintiff, During any Appeal from this Report-Recommendation, to Supplement the Record on Defendants' Motion

In the event that, during any objections to this Report-Recommendation, Plaintiff
attempts to supplement the record on Defendants' motion for partial summary Judgment, I
respectfully recommend that the Court, in exercising its discretion on the matter, decline to
permit him to do so.

The Second Circuit recognizes that the decision of whether or not to accept such evidence

---

[35]    (Dkt. No. 32, Part 3, at 36-37, 52-61, 75-76 [Ex. A to McCartin Decl., attaching
pages 36-37, 52-61, 75-76 of Plaintiff's deposition transcript].)

rests in the sound discretion of the district court.  *See, e.g.*, *Hynes v. Squillance*, 143 F.3d 653, 656 (2d Cir. 1998) ("[W]e have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.") (affirming decision by Scullin, J.) [citations omitted].  In deciding whether or not a district court has abused that discretion in denying the supplementation of the record on appeal, the Second Circuit considers factors such as efficiency and fairness.  *See Hynes v. Squillance*, 143 F.3d at 565 ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration . . . .").

With regard to the efficiency consideration, I find that permitting Plaintiff (on appeal) to adduce evidence that was not presented before me would be an inefficient use of judicial resources, and indeed "would frustrate the purpose of the Magistrates Act."  *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

With regard to the fairness consideration, I note that the Fifth Circuit has suggested four factors that a court might consider in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F,3d 847, 862 (5th Cir. 2003)

[citation omitted].  Generally, these fairness factors are considered by Courts within the Second

Circuit (and outside of the Second Circuit).[36]  Here, I find that these four fairness factors–

particularly the third and fourth factors–weigh against permitting Plaintiff to supplement the

record on Defendants' motion for summary judgment during any appeal to the District Court

from this Report-Recommendation.  Plaintiff has had a full and fair opportunity to be heard on

his claims, including a full and fair opportunity to (1) conduct discovery in this matter,[37] and (2)

respond with evidence and argument to Defendants' motion for partial summary judgment.[38]

---

[36]     *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

[37]     (*See, e.g.*, Dkt. No. 15 [Pretrial Scheduling Order filed May 18, 2006, establishing six and-a-half months until expiration of discovery period, on November 30, 2006]; Dkt. No. 21 [Order filed Dec. 18, 2006, extending discovery deadline to Feb. 16, 2007]; Dkt. No. 24 [Order filed March 28, 2007, extending discovery deadline to Apr. 6, 2007])

[38]     I note this action has been pending now since October 3, 2005, long past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was passed.

Defendants are entitled to have their motion decided on a level playing field, based on evidence and arguments to which they could properly reply, under the Federal Rules of Civil Procedure and Local Rules of Practice.

For these reasons, I recommend that the Court, in exercising its discretion on the issue, deny any request by Plaintiff to supplement the record on Defendants' motion for partial summary judgment, during any objections to this Report-Recommendation.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for partial summary judgment (Dkt. No. 32) be **GRANTED**, and that Plaintiff's claims against Defendants Rios, LaForge and Valez be **DISMISSED** with prejudice.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance**.[39]

---

*See Adelman v. Hobbie*, 03-CV-0032, 2006 WL 2639359, at *8 (N.D.N.Y. Sept. 13, 2006) (Sharpe, J., adopting Report-Recommendation by Treece, M.J.) (dismissing *pro se* civil rights action for failure to prosecute under Rule 41[b] in part because "[o]ver three years has passed since this litigation was commenced, well past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted").

[39]    *See, supra,* note 36 of this Report-Recommendation.

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: August 28, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge